Case 1:23-cv-00927-ALC-RWL   Document 40   Filed 08/27/24   Page 1 of 9

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 8/27/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARRICO, *et al.*, *individually and on behalf of all others similarly situated*,

       Plaintiffs,

-against-

DUO WEN, INC.,

       Defendant.

---

23-cv-00927

**OPINION & ORDER**

**ANDREW L. CARTER, JR., DISTRICT JUDGE:**

## INTRODUCTION

  Plaintiff Joyce Carrico ("Plaintiff" or "Carrico") brings this putative class action suit against Defendant Duo Wen, Inc. ("Defendant" or "Duo Wen") for violations of the Americans with Disabilities Act of 1980 and New York City Human Rights Law. Plaintiff alleges (1) discrimination on the basis of disability from enjoying the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation in violation of 42 U.S.C. § 12101 et seq. and (2) discrimination on the basis of disability from the full and equal enjoyment on equal terms and conditions of any of the accommodations, advantages, facilities, or privileges of a place of public accommodation in violation of N.Y.C. Administrative Code § 8-107(4)(a). Defendant moved to dismiss Plaintiff's claim for declaratory relief, injunctive relief, and compensatory damages—including statutory and punitive damages. For the reasons stated herein, Defendant's motion is **DENIED**.

## PROCEDURAL BACKGROUND

  Plaintiff filed the initial Complaint in this action on February 3, 2023. ECF No. 1 ("Compl."). On September 18, 2023, Defendant filed their motion to dismiss along with one

supplementary declaration. ECF Nos. 29 ("Mot."), 30 ("Stark Decl."). Plaintiff filed her opposition on October 31, 2023. ECF No. 33 ("Opp."). Defendant then filed a reply memorandum on November 15, 2023 alongside another supplementary declaration. ECF Nos. 35 ("Reply"), 36 ("O'Neil Decl.")

## FACTUAL BACKGROUND

The court recites herein the facts as set forth in the Complaint. Plaintiff, a visually impaired and legally blind individual, claims that she, on numerous occasions and most recently on September 22, 2022, was unable to access Defendant's website, lovesparkle.life (hereafter "Website") to purchase their products. Compl. at ¶ 6. Defendant, Duo Wen, is a company registered in Delaware and conducts business in New York through its website, and Plaintiff asserts that Duo Wen is a place of public accommodation. *Id.* at ¶ 15. Plaintiff claims that she and others similarly situated were blocked from experiencing all the Website's features, including but not limited to: (1) the ability to browse, learn about, and purchase various supplements; (2) subscribe to a newsletter; (3) browse recipes and blog posts; (4) learn the science behind collagen and other supplements; and (5) contact the company on the Website. *Id.* at ¶ 2

Specifically, Plaintiff claims the website at issue has the following deficiencies: (1) images lack Alt-text (invisible text code embedded in images that allows a screen reader to audibly describe non-text elements); (2) title frames with text are not provided; (3) when pressing the tab key to navigate, information is not read by the screen-reader and equivalent text is not provided when using scripts; (4) drop down menus are not read properly by the screen-reader; (5) forms are not read properly by the screen-reader; and (6) languages aside from English are not read properly by the screen-reader. *Id.* at ¶ 28, 25. Plaintiff claims that due to her

inability to purchase supplements offered on the Website and Duo Wen's subsequent failure and refusal to remove the access barriers, she and the putative class are being denied equal access to the Website and the products sold within.

## LEGAL STANDARD

When considering a Motion to Dismiss under Federal Rule of Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted," the Court must "accept as true all factual statements alleged in the Complaint and draw all reasonable inferences in favor of the non-moving party." *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999); *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). To withstand a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). For a claim to be facially plausible, it must contain "factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Id.* at 556. A Plaintiff must present "more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements need not be credited," and courts are not required to "accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 679.

## DISCUSSION

### I.   Parties' Arguments

To state a claim for relief under the ADA, Plaintiff must plead that the Defendant owns the place of public accommodation in question. Plaintiff alleges that Duo Wen, through ownership and operation of the offending Website, violates the ADA. *Id.* at ¶ 7. Duo Wen,

however, argues that another entity, Duo Wen Pte Ltd., owns the website. Mot. at 4.[1] In support of their argument that Duo Wen Pte Ltd. is the appropriate defendant, Defendant presents a screenshot of the Website's "Terms and Conditions" page which identifies the Singaporean entity as the owner and operator of the Website. Stark Decl. at 2.

In response, Plaintiff argues that Duo Wen and Duo Wen Pte Ltd. are actually the same entity or, in the alternative, are shells of one another. Opp. at 2. In support of this, Plaintiff raises the allegation that the Duo Wen business site names both entities in the company's list of locations. *Id.* at 2-3.

Plaintiff also argues that the entities are at least sufficiently related to permit Defendant to access the Website's Terms and Conditions page and alter its contents. *Id.* at 7. Plaintiff notes to the Court that: (1) a screenshot of the Company's "Terms and Conditions" page dated January 29, 2023, five days prior to the Complaint being filed, indicated that the Website was owned and operated by Defendant; (2) a screenshot dated March 24, 2023, 41 days after Defendant was served and approximately 21 days after Defendant's counsel filed its notice of appearance, also identified Duo Wen as the owner/operator of the Website; and (3) the website's language as of April 6, 2023, after Defendant retained counsel, indicated that Duo Wen Pte Ltd. is the Website's owner and operator. Opp. at 3.

In response to Plaintiff's allegation of misrepresentation, Defendant offers up a statement from Derek O'Neill, Duo Wen's President, stating that Duo Wen does not own or operate the website in question and that the alteration to the website's terms and conditions was made to correct the inaccurate statement that Duo Wen was the owner. O'Neil Decl. at 2.

---

[1] Duo Wen Pte Ltd. is a private limited company with its registered office located in Singapore. Mot. at 4.

Plaintiff continues to contend that Duo Wen owns and operates the Website and is responsible for violating the ADA. Compl. at ¶ 34.

## II.     Judicial Notice

The success of the motion to dismiss hinges on whether the Court will take judicial notice of Defendant's declaration filed alongside the initial Motion to Dismiss.[2] In deciding a Rule 12(b)(6) Motion to Dismiss, the Court generally may only consider factual allegations contained within the four corners of the Complaint. *See Chambers v. Time Warner Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). Nevertheless, a Court may also consider facts contained within "documents attached to the complaint as an exhibit or incorporated in it by reference . . . , or to documents either in Plaintiff's possession or of which Plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Tech., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). Courts may even still take judicial notice of documents not incorporated by reference if the complaint relied heavily upon those documents' terms and effect such that the document becomes "integral to the complaint." *Chambers*, 282 F.3d at 153. The danger of translating a Rule 12(b)(6) motion into one under Rule 56 is largely avoided where a plaintiff has "actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint." *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (citing *Chambers*, 282 F.3d, 153). For judicial notice of an integral document to be taken, it must be clear on the record that no material dispute of fact exists regarding the "authenticity or accuracy of the document" or "the relevance of the document." *Deluca v. AccessIT Group, Inc.*, 695 F. Supp. 2d 54, 60 (S.D.N.Y 2010). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at trial but

---

[2] The Defense's second declaration, the statement from Duo Wen's President, cannot be considered as it makes factual assertions which are not integral to the Complaint and are not otherwise legitimate at the Motion to Dismiss stage.

merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). This is a "case-specific, contextual inquiry, dependent on the nature of the complaint's allegations and the relationship between the extraneous documents and the plaintiffs' claims." *Azurdia v. City of New York*, 2019 U.S. Dist. LEXIS 52967, at *11-12 (E.D.N.Y. 2019).

The most paramount interests at play when determining whether the evidence is integral to the claim are notice and reliance. *See Chambers* 282 F.3d at 153. Nevertheless, "mere notice or possession is not enough for a court to treat an extraneous document as integral to the complaint; the complaint must rely heavily upon the document's terms and effect for the document to be integral." *Deluca*, 695 F. Supp. 2d at 54. "The proper test [for reliance] is whether the plaintiff would have been influenced to act differently than he did act if the defendant has disclosed to him the undisclosed fact." *List v. Fashion*, 340 F.2d 457, 463 (2d Cir. 1965). "The reliance element is satisfied if the pleading plaintiff filed would have been materially different, but for his or her review of the document in issue." *Id.* at 463.

Plaintiff names the Website in her complaint as the alleged place of public accommodation, and she extensively discusses the Website and her alleged experience visiting it throughout the Complaint. This reliance on the Website renders its existence, ownership, and content integral to the Complaint. *See Chambers*, 282 F.3d at 153. Nevertheless, the inquiry does not end there.

"Even if a document [is integral to the complaint,] a court may still not consider it on a motion to dismiss if there is a dispute 'regarding the authenticity or accuracy of the document.'" *Deluca*, F. Supp. at 60. A Court may only take "judicial notice of a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial

jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." *Brass*, 987 F.2d at 150. The Second Circuit has stated that district courts need not resolve issues regarding peripheral documents' validity or accuracy on a motion to dismiss. *See Oberlander v. Coinbase Glob. Inc.*, 2024 U.S. App. LEXIS 8200, at *9 (2d Cir. Apr. 5, 2024). In *Oberlander*, the Circuit noted that the legal issues of title and privity ought not be decided on a motion to dismiss where the operative language at issue varied across several user agreements. *Id.* at *9. The *Oberland* Court found that the district court could not treat the extrinsic documents as "conclusive for purposes of evaluating the legal sufficiency of the amended complaint" because of those agreements' own inconsistencies. *Id.* at *11.

Here, while the document is integral to the Complaint because it pertains to the website's ownership, Plaintiff has sufficiently contested the accuracy or authenticity of the document. Plaintiff has presented sufficient factual allegations, including, but not limited to, her allegations of Defendants alteration of the site's Terms and Conditions page, to raise questions as to the document's authenticity and accuracy. Therefore, this Court will not take judicial notice of the document. *See, e.g., Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (finding that "a ruling under Rule 12(b)(6) is not an occasion for the court to make findings of fact"); *Oneida Indian Nation v. New York*, 691 F.2d 1070, 1086 (2d Cir. 1982) (finding that judicial notice of disputed facts should not ordinarily be taken as a basis for dismissal of a complaint on its facts); *Mosdos Chofetz Chaim, Inc. v. Vill. of Wesley Hills*, 815 F. Supp. 2d 679, 692 (S.D.N.Y. 2011) (finding that to the extent the court has considered documents, it has done so "to determine what statements [the documents] contain[,]… not for the truth of the matters asserted."); *Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 80 (E.D.N.Y. 2011) (finding that a document introduced by defendant as "an attack on the factual validity of the Plaintiff's claims" is not appropriate for

consideration on a motion to dismiss or a motion to amend); *Azurdia v. City of New York*, 2019 U.S. Dist. LEXIS 52967, at *11 (E.D.N.Y. 2019) (finding that "materials are [not] properly considered at this stage of the litigation because [] as to several of the documents, their accuracy and authenticity is explicitly called into question by the plaintiff's allegations").

The "requirement that there be 'no dispute' about the authenticity of documents 'integral' to the complaint 'has been interpreted strictly: even implicit, conclusory, contradictory, or implausible objections to the authenticity or accuracy of a document render consideration impermissible.'" *MBody Minimally Invasive Surgery, P.C. v. United HealthCare Ins. Co.*, 2016 U.S. Dist. LEXIS 108598 at *20-21 (S.D.N.Y. Aug. 15, 2016). Here, Plaintiff and Defendant's evidence directly conflict with one another; Plaintiff's "challenge to the authenticity of the documents[,] even if 'dubious or questionable[,]' precludes the court from considering the factual [contents] on this motion to dismiss." *Id*. at *21. Therefore, Plaintiff's allegations are sufficient to establish a dispute as to authenticity. *See Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 415 (S.D.N.Y. 2010); *see also UPS Store, Inc. v. Hagan*, 99 F. Supp. 3d 426, 435 (S.D.N.Y. 2015) (refusing to "consider document attached to complaint, even though complaint alleged that document was authentic, where plaintiff subsequently 'seemingly disputed the authenticity of his exhibit'") (citing *Cram v. PepsiCo Exec. Income Deferral Comp. Program*, 2010 U.S. Dist. LEXIS 131928, (S.D.N.Y. Aug. 9, 2010)).

### III.  Adequacy of Plaintiff's Claims

The Court next considers whether, excising the offending extraneous document from consideration, Plaintiff has sufficiently stated a claim for violation of the ADA and NYCHRL. The Court finds that Plaintiff has sufficiently pleaded with plausibility facts upon which a finding could be made that "(1) [plaintiff] is disabled within the meaning of the ADA [and

NYCHRL]; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA [and NYCHRL]." *Roberts v. Royal Alt. Corp.*, 542 F.3d 363, 368.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **DENIED**.

**SO ORDERED.**

**Dated: AUGUST 27, 2024**
   **New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**